UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

TRANS CONTINENTAL MANAGEMENT, INC.,

Case No.: 6:07-bk-02432-ABB
Chapter 11

Debtor.
_____/

**MOTION OF THE UNITED STATES TRUSTEE FOR
THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

COMES NOW, Felicia S. Turner, United States Trustee for Region 21, by and through her undersigned counsel, and in support of the Motion of the United States Trustee for the Appointment of a Chapter 11 Trustee (hereinafter referred to as the "Motion"), alleges and states as follows:

**Jurisdiction and Background**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Furthermore, this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. On March 1, 2007, an involuntary chapter 11 proceeding was filed against Louis J. Pearlman (the "Pearlman case") in this Court (Bankruptcy Case No.: 6:07-bk-00761-ABB). An Emergency Motion to Appoint Trustee (the "Trustee Motion") was filed shortly thereafter, in the Pearlman case by the petitioning creditors.[1]  In the Trustee Motion, the petitioning creditors

---

[1] The petitioning creditors are: American Bank of St. Paul; First National Bank & Trust Company of Williston; Integra Bank; and, Tatonka Capital Corporation.

1

alleged that Pearlman controlled approximately 100 entities through which he perpetrated frauds upon investors and banks obtaining over $300 million from the investors and over $150 million in bank loans with few if any assets to account for those monies.  The petitioning creditors further alleged that Pearlman, prior to fleeing the United States, transferred substantial funds to himself personally and abandoned control of the entities which were part of his "financial empire."  An evidentiary hearing was held on March 14, 2007.[2]  Louis J. Pearlman did not appear at the hearing on March 14, 2007, nor did anyone appear on his behalf.  This Court granted the Trustee Motion at the conclusion of the emergency evidentiary hearing and directed the United States Trustee to appoint a chapter 11 trustee in the Pearlman case.[3]  On March 27, 2007, the United States Trustee appointed Soneet R. Kapila ("Kapila") as the chapter 11 trustee.[4]

    3.  Kapila, as the chapter 11 trustee in the Pearlman case, is tasked with performing the duties set forth in 11 U.S.C. § 1106(a).  In the course of performing these duties, Kapila filed an Emergency Motion for Entry of Order Authorizing the Trustee to Vote and/or Exercise Any and All Rights Arising from or Related to the Debtor's Stock and Other Interests in Closely-Held Corporations, Limited Liability Companies or Other Business Entities (Docket No.: 88, Bankruptcy Case No.: 6:07-bk-00761-ABB) (the "Motion Authorizing Trustee to Exercise

---

[2] The original transcript of the proceedings held on March 14, 2007 was filed in the Pearlman Case, Bankruptcy Case No.: 6:07-bk-00761-ABB at docket number 146.  The United States Trustee incorporates by reference herein the transcript of those proceedings in support of the instant Motion.  The transcript is attached hereto as Exhibits "A - Part 1"(pages 1-40) and Exhibit "A - Part 2" (pages 41-81) (collectively referred to as Exhibit "A").

[3] The Order Directing Appointment of Chapter 11 Trustee was entered on March 16, 2007 (Docket No.: 43, Case No.: 6:07-bk-00761-ABB).

[4] The United States Trustee filed an Application for Approval of Appointment of Chapter 11 Trustee, Soneet R. Kapila (Docket No.: 43, Case No.: 6:07-bk-00761-ABB) in the Pearlman case on March 29, 2007 and the Court entered an Order Approving the Appointment (Docket No.: 46, Case No.: 6:07-bk-00761-ABB) on March 30, 2007.

Rights"); on April 19, 2007, the Court entered and order granting the motion (Docket No.: 99, Bankruptcy Case No.: 6:07-bk-00761-ABB) (the "Order Authorizing Trustee to Exercise Rights").  Attached hereto as Exhibit "B."  In said motion, Kapila stated that he has found that Louis J. Pearlman directly or indirectly owns or controls the equity or similar interests of over 100 companies, limited liability companies and/or other business entities (the "Business Entities").  Kapila also advised the Court that he is still investigating the assets, liabilities and activities of the Business Entities, as well as the possibility of filing additional bankruptcies, substantive consolidation of one or more of the entities, and whether one or more of the Business Entities is an alter ego of any other Business Entity.  The Debtor herein is one of the Business Entities in which Kapila has an interest in by virtue of his role as the chapter 11 trustee of the bankruptcy estate of Louis J. Pearlman.

    4. The Order Authorizing Trustee to Exercise Rights provides Kapila exclusive authority to ". . . vote and exercise any and exercise any and all rights arising from or related to any and all shares of stock and other interests . . . [of Louis J. Pearlman] . . . ."  These rights specifically include the ability to appoint and remove directors and officers of the Business Entities.  *See* Exhibit "B" at pages 3 and 4.  Pursuant to those rights, Kapila appointed George E. Mills, as sole director, president, vice president, secretary, and treasurer of Trans Continental Management, Inc. (the "Debtor") and on June 5, 2007, George E. Mills as sole director and Kapila as sole shareholder, by virtue of his role as trustee in the Pearlman case, executed a Joint Written Action of the Shareholders and Board of Directors of Trans Continental Management, Inc. (the "Joint Resolution").  As set forth in the Joint Resolution, the determination was made that a voluntary petition for relief under chapter 11 should be filed on behalf of the Debtor.

    5. This case was commenced by the filing of a voluntary petition under chapter 11 of the

United States Bankruptcy Code by George E. Mills, as Sole Director of Trans Continental Management, Inc. on June 12, 2007. The Joint Resolution was attached to the voluntary petition (the "Petition and Joint Resolution"). Attached hereto as Exhibit "C."

### Grounds for Relief

6. 11 U.S.C. Section 1104(a)(2), states in pertinent part:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee----
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate. . . .

7. The "interests" standard has no requirement of a showing of wrongful behavior by debtor's management, it requires a showing of a meaningful benefit from the appointment of a trustee and a finding that the appointment would be in the interest of essentially all constituencies, including public interests. 7 *Collier on Bankruptcy* ¶ 1104.02[3][d] (15th Ed. rev.); *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990). In determining whether to appoint a trustee under § 1104(a)(2), the courts should look at the practical realities and necessities. *In re Hotel Associates, Inc.*, 3 B.R. 343, 345 (Bankr. E.D.Pa.1980). The court may order the appointment in an exercise of its discretionary powers as a court of equity if such appointment is in the best interests of creditors, equity security holders and other interests of the estate. *See*, *In re Deena Packaging Industries, Inc.*, 29 B.R. 705, 706 (Bankr. S.D.N.Y. 1983); *In re Eichorn*, 5 B.R. 755, 758 (Bankr. D.Mass.1980); and, *In re Hotel Associates, Inc.*, at 346.

8. The Debtor herein is one of the Business Entities. The facts surrounding the filing of the Pearlman case as set forth in the Trustee Motion and the transcript of those proceedings on March 14, 2007, and in the Motion and Order Authorizing Trustee to Exercise Rights, clearly

establish that cause existed for the appointment of a trustee in that case. Thereafter, Kapila, in the exercise of his authority as trustee in the Pearlman case and under the specific authority given him by the court under the Order Authorizing Trustee to Exercise Rights, executed the Joint Resolution which authorizes Mills, as sole director, to file and prosecute the instant bankruptcy case. The duties of a debtor-in-possession as set forth in the Bankruptcy Code however, can not be carried out by Mills as his role under the Joint Resolution is limited. The facts of this case, and the circumstances which bring it before this Court are unique, and call for the appointment of a trustee who will carry out that role cohesively with the pending bankruptcy cases of the related Business Entities, and who will act as an independent fiduciary subject to the limitations imposed by the Bankruptcy Code.

9. Congress provided no way to replace the debtor-in-possession's management with an independent fiduciary other than appointment of a trustee pursuant to 11 U.S.C. § 1104(a) as independent fiduciaries appointed by the United States Trustee as directed by the Court. Congress elected to base the decision of whether to replace debtor's management on the sound discretion of the Court as established by 11 U.S.C. § 1104(a). In addition, Congress required that a person so appointed "file . . . a bond . . . conditioned on the faithful performance of such official duties," thereby providing the estate additional protections. *See* 11 U.S.C. § 322(a).

10. The facts which lead to the filing of the instant case, including the mismanagement and abandonment of control of the Debtor and other Business Entities by prior management under the direction of Pearlman, and the findings of this Court in the related proceedings leading to the appointment of a chapter 11 trustee in those cases, establish that it is in the best interest of the constituency of this estate to appoint a trustee. Clearly, the appointment of a trustee is necessary to accomplish the reorganization, or the more likely orderly liquidation of the Debtor,

while protecting the interests of this estate.

WHEREFORE, the United States Trustee requests that this Court issue an order directing the appointment of a chapter 11 trustee.

DATED: June 27, 2007.

Felicia S. Turner, United States Trustee
Region 21

/s/   Miriam G. Suarez
Miriam G. Suarez, Trial Attorney
Florida Bar No.:  756105
Office of the United States Trustee
U.S. Department of Justice
135 W. Central Blvd., Suite 620
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 126
Facsimile No.:   (407) 648-6323
Miriam.G.Suarez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on June 27, 2007, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on the following:

Trans Continental Management, Inc.
c/o George E. Mills
P.O. Box 995
Gotha, FL 34734-0995

/s/   Miriam G. Suarez
Miriam G. Suarez, Trial Attorney